UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 07-232-JBC

NELSON RAY SHORT,                                                                    PLAINTIFF,

V.                         MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                     DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the Plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income ("SSI"). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I.      Overview of the Process

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir.

1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II.  The ALJ's Determination**

At the time of the ALJ's decision, the plaintiff was a forty-eight-year-old male with past relevant work experience as a salesman. AR 83. He filed an application for SSI on June 17, 2004, alleging disability beginning May 25, 2001. AR 13. The claim was denied initially on November 12, 2004, and upon

reconsideration on February 15, 2005.  AR 13.  After a hearing on January 27, 2006, Administrative Law Judge ("ALJ") John R. Barker determined that the plaintiff did not suffer from a disability as defined by the Social Security Act.  AR 22.  At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset date, May 25, 2001.  AR 15.  At Step 2, the ALJ determined that the plaintiff has the following severe impairments: a history of renal cell carcinoma of the left kidney with a laparoscopic nephrectomy in 2001 with no recurrence, a history of gastritis, complaints of back pain, possible right knee osteoarthritis, essential hypertension and adjustment disorder with mixed anxiety and depressed mood.  AR 15.  The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3.  AR 18.  At Step 4, the ALJ determined that the plaintiff is unable to perform any past relevant work.  AR 20.  Finally, at Step 5 the ALJ determined that due to the plaintiff's age, education, work experience, and residual functional capacity ("RFC"), jobs exist in significant numbers in the national economy that the plaintiff can perform.  AR 21.  The ALJ denied the plaintiff's claim for SSI, and the plaintiff appealed to the Appeals Council.  AR 8, 10.  The appeal was denied, and the plaintiff commenced this action.  AR 5.

### III.    Legal Analysis

The plaintiff argues that the ALJ's decision is not supported by substantial evidence due to the ALJ's failure to provide reasons for the rejection of medical

testimony, his failure to include all of the plaintiff's mental limitations in the RFC assessment, and his improper reliance on a hypothetical question which inaccurately reflected the degree of the plaintiff's mental impairments.  The plaintiff's argument is based on the psychological evaluations conducted by examining physicians Dr. Robert Spangler on February 21, 2006, and Dr. Robert Fitz on February 22, 2006.  The plaintiff believes that in formulating the plaintiff's RFC, the ALJ should have adopted Dr. Spangler's opinion regarding the plaintiff's limited ability to maintain attention and concentration required for simple job instructions and his assessment that the plaintiff's testing placed him at a fifth-grade reading level and a fourth-grade arithmetic level.  AR 201-202.  In addition, the plaintiff believes the ALJ should have adopted in his decision Dr. Fitz's finding that the plaintiff has a "fair" to "poor" ability to tolerate the stress and work pressures associated with day-to-day activities and the doctor's comment that the plaintiff "is likely to perform well with routine matters, [but] when work situations demand higher level functioning he is prone to be impatient because of current anxiety and depressed mood."  AR 182.

Although the ALJ did not specifically include these findings in his RFC assessment or in the hypothetical interrogatory that he posed to the VE, he did consider these doctor's findings in his opinion and in formulating his RFC assessment.  For instance, the ALJ noted that Dr. Spangler found the plaintiff "to be seriously limited, but not precluded, from maintaining attention and

4

concentration and understanding, remembering and carrying out simple job instructions." AR 17. The ALJ also noted Dr. Fitz's findings that the plaintiff's "ability to understand, retain and follow directions and to relate to others including co-workers and supervisors is good; his ability to sustain attention to perform simple repetitive task [sic] is fair; his ability to tolerate stress and work pressures associated with day-to-day activities is fair to poor." AR 17-18.

Relying on *Wilson v. Comm'r of Social Security,* 378 F.3d 541 (6th Cir. 2004), the plaintiff argues that the ALJ must give a reasoned basis for his rejection of an examining source. However, *Wilson* involves an ALJ's requirement to give good reasons for not giving weight to a *treating source*. *Id.* As Drs. Spangler and Fitz are examining sources, *Wilson* is not controlling in this matter. 20 C.F.R. § 404.1527(f)(2)(ii) requires the ALJ to "explain in his decision the weight given to the opinions of a State agency medical or psychological consultant." Further, contrary to the plaintiff's claim, there is no evidence that the ALJ specifically rejected any portion of the medical testimony of any examining physician. In addition to explicitly citing the examining source's evaluations, the ALJ states in his decision that he agrees with both Dr. Fitz and Dr. Spangler that the plaintiff "does have some impairment relating to psychological issues." AR 17, 20.

The final responsibility for determining the RFC is reserved for the ALJ. 20 C.F.R. § 416.927(e)(2). Therefore, the ALJ need not defer to the state agency physical and mental RFC assessments, and instead such assessments are merely

considered along with the rest of the medical evidence in determining the RFC. The ALJ particularly noted that

> the medical evidence fails to reflect any course of mental health treatment, and [the plaintiff] has failed to express regular complaints of psychological symptoms throughout his pursuit of medical care. . . . [The plaintiff] has not had, sought, or been referred for formal mental health treatment. . . . [The plaintiff's] objective medical findings did not support a disabling level of mental restrictions. Based on objective findings and history he would be considered capable of performing the basic mental demands of competitive, remunerative, unskilled work.

After considering these reports and other medical evidence in the record, the ALJ concluded that the plaintiff

> retains the [RFC] capacity to perform work that involves only routine, simple, and non-[de]tailed tasks; where public and co-worker contact is casual and infrequent; where supervision is direct and non-confrontational; and where changes in the workforce are infrequent and gradually introduced. AR 19.

The ALJ's RFC determination reflects the examining source's assessments of the plaintiff's abilities, and it is consistent with the remainder of the medical evidence of record. The court finds that the ALJ properly evaluated the plaintiff's non-exertional limitations in making his RFC finding.

The plaintiff also argues that these same limitations should have been included in the hypothetical interrogatory to the VE. For the testimony of a vocational expert to "prov[e] the existence of a substantial number of jobs that [a] plaintiff can perform, other than her past work, the testimony must be given in response to a hypothetical question that accurately describes the plaintiff" in all relevant and significant respects. *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir.

1994). As discussed, the ALJ's RFC assessment is supported by the evidence of record; thus, the plaintiff's argument that the hypothetical question was inaccurate fails because the question encompasses the limitations included in the RFC.[1]

Finally, the plaintiff claims that the hypothetical question should have noted the plaintiff's deficiencies in reading and arithmetic. "An individual is not considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof." 42 U.S.C. § 423(d)(5)(A). The plaintiff reported that he completed the twelfth grade and that he did not attend special education classes. AR 62. In formulating the plaintiff's RFC, the ALJ noted that the plaintiff is "capable of performing the basic mental demands of competitive, remunerative, unskilled work." AR 20. Under 20 C.F.R. § 416.964, someone with marginal education, one with formal schooling at sixth-grade level or less, is capable of unskilled work, whereas someone with a high school education is considered capable of performing work at the "semi-skilled through skilled" level. Thus, the ALJ in finding that the plaintiff could perform simple, unskilled work limited the plaintiff to a level below his formal high-school education. Further, the plaintiff has failed to demonstrate how a limitation in reading and arithmetic would preclude him from performing the jobs identified by the VE, including assembler,

---

[1] The hypothetical question posed to the VE reads: "Assume that I find, on the basis of credible evidence before me, that the claimant's impairments reflect a residual functional capacity to . . . perform work that involves only routine, simple, and non-detailed tasks; where public and co-worker contact is casual and infrequent; where supervision is direct and non-confrontational; and where changes in the workforce are infrequent and gradually introduced." AR 83.

inspector, and grader/sorter. AR 84.

The court finds that the ALJ's RFC assessment, interrogatory to the VE, and ultimate opinion were supported by and consistent with substantial evidence in the record.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 9) is **DENIED**.

Signed on  August 25, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY